IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BIENVENIDO JEREZ**, | : | CIVIL ACTION NO. 1:14-CV-0645 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN, SIS DEPARTMENT**, | : | |
| Respondents | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Bienvenido Jerez ("Jerez"), an inmate confined at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania. Jerez seeks to proceed *in forma pauperis*. (Doc. 4.) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed.

### I.    Background

Jerez alleges that Lieutenant Womeldorf transferred him to the "Secure Housing Unit" ("SHU") on February 13, 2014, for allegedly utilizing the law library computer to view a public document containing information on an informant incarcerated at FCI-Allenwood. (Doc. 1, at 2.) He alleges that his due process rights are being violated because he was transferred to the SHU without any written notice. He also alleges that his First and Fourteenth amendment rights are being

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

violated in that he is being denied access to blank Uniform Commercial Code ("UCC") forms that were confiscated from him during the investigation of the above incident. (Id. at 3-4.) He is seeking an order releasing him from the SHU and returning to him the blank UCC forms. (Doc. 1, at 1.)

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Jerez does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he challenges his transfer to the SHU and the denial of

Uniform Commercial Code forms. Because he is seeking relief based on the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, the petition will be dismissed without prejudice to any right Jerez may have to reassert his present claims in a properly filed civil rights complaint.

An appropriate order follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    May 13, 2014